**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE ZEPEDA BERNAL,<br>Petitioner,<br>v.<br>J. JOHNSON, et al.,<br>Respondents. | **CASE NO.** 5:26-CV-06421-CTS<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On October 27, 2026, Petitioner Jorge Zepeda Bernal ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California and being held in violation of the Constitution and laws of the United States. (*See generally id.*) On October 29, 2026, Respondents were served with the Court's Notice of General Order 26-05 and Briefing Schedule, pursuant to which Respondents' Notice of Appearance was due November 2, 2026, and their Answer was due November 5, 2026. (ECF No. 5.) Respondents filed a late notice of appearance on November 4, 2026 (ECF No. 7), but have not answered or otherwise responded to the Petition or requested additional time in which to do so.

The Court understands that Respondents' decision not to file an answer or otherwise respond to the Petition is a deliberate choice and not inadvertent. "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (internal quotation omitted). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (alteration in original) (internal quotation omitted). Indeed, the Supreme Court recently reminded the lower courts that they are "essentially passive instruments of government" and thus "points not argued will not be considered." *Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. 339, 342 (2026) (citations and quotation marks omitted). On the absence of any responsive opposition alone, this Court may grant the Petition.

The Court incorporates the facts as set forth in the unopposed Petition regarding Petitioner's background and immigration history and does not repeat them here. (*See generally* Pet.) Having reviewed the facts, the Court is satisfied that the Petition sets forth a claim that Petitioner, having entered the United States at the age of 15 in 1989, been detained by Respondents in 2020 and held at Adelanto Detention Center for 30 days then released on bond, and who has complied with all conditions of his release and has no criminal history, had a protected liberty interest in his continued freedom from custody, and that his re-detention on October 6, 2026, without prior notice, reason, or an opportunity to contest the basis for his re-detention, violated due process and merits relief. (Pet. 3–6.) *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *Perez Bueno v. Janecka*, No. 5:25-CV-

03376-CAS-BFM, 2026 WL 309934, at *3 (C.D. Cal. Feb. 5, 2026).

Petitioner seeks immediate release from custody under the same conditions that were in place prior to his arrest and the return of all his confiscated property. (Pet. 6.) Based on the Court's review of the Petition and in light of Respondents' decision not to oppose the relief sought, IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the unopposed Petition;
2. Respondents MUST RELEASE **Petitioner Jorge Zepeda Bernal (A 077-113-590)** from custody within 24 hours of entry of this Order under the same conditions that were in place prior to his re-detention; and
3. Respondents MUST RETURN to Petitioner all property confiscated from him.

DATED: November 9, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE